**GIORGIO MORANDI, INC., Plaintiff,**

v.

**TEXPORT CORPORATION, China Crown Investments Ltd., and Exim Lines, Inc., Defendants.**

**No. 88 Civ. 4780 (RPP).**

United States District Court,
S.D. New York.

Nov. 19, 1991.

See also 761 F.Supp. 12.

Leo Fox, New York City, for plaintiff.

Galland, Kharasch, Morse & Garfinkle, Washington, D.C., by Andrew Sacks, Callan, Regenstreich, Koster & Brady by Warren S. Koster, New York City, for defendant Exim Lines, Inc.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In a case settled during trial between plaintiff Giorgio Morandi, Inc. ("Morandi") and China Crown Investments Ltd. ("China Crown"), the non-settling defendant, Exim Lines, Inc. ("Exim"), moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

At the time of the settlement with China Crown, plaintiff requested a dismissal without prejudice against Exim. This disposition was objected to by counsel for Exim and, at its request, the Court dismissed plaintiff's claims against Exim with prejudice.

Plaintiff's claim against Exim was grounded both in fraud and in negligence. The gist of the claimed fraud consisted of the deliberate issuance of backdated bills of lading for three shipments by Texport Corporation ("Texport"), a supplier of goods for China Crown, permitting China Crown to collect on two letters of credit issued by plaintiff's bank.

With respect to the first letter of credit, the bill of lading presented showed late shipment. Accordingly, Exim claims plaintiff suffered no damage due to backdating of the bill of lading. Plaintiff, however, may have relied to its damage on the date contained on the bill of lading in authorizing the bank's payment for the shipment in question.

With respect to the second letter of credit, Exim points out plaintiff acknowledged in its complaint that the goods were shipped in compliance with the time of shipment requirements of the letter of credit, so no damages were incurred by any backdating.

With respect to the third shipment, Exim points out that no payment was made thereon, so plaintiff suffered no damages. Plaintiff's attorney responds that, although plaintiff rejected this shipment as late, plaintiff suffered lost profits as a result of the late delivery of the shipment.

While these explanations by plaintiff's counsel are not wholly satisfactory, plaintiff's counsel also claims that Exim was negligent and, by inferences based on the facts, fraudulent in its issuance of misdated bills of lading. Plaintiff's counsel contends that there was documentary evidence of Texport requesting and indemnifying the backdating by third parties, one of whom it alleges was Exim's agent, and that it can be inferred that other backdating was done by or on behalf of Exim, pursuant to a similar indemnification. Plaintiff's counsel points to deposition testimony of Exim's Mr. Kim that he was aware of indemnification arrangements with Texport

and argues that Exim's "errors" could have been found to have been part of a larger scheme to defraud by Texport and the other defendants. Exim did not respond adequately to plaintiff's document requests. Thus, plaintiff was not permitted to prove by direct documentary proof that such indemnification by Texport existed. As evidence of Exim's participation in fraud, plaintiff's counsel points to other misstatements in the general bills of lading accepted by Exim, which caused injury to plaintiff, e.g., an overstatement of cartons shipped.

Since the trial did not proceed to its conclusion, the Court will not speculate on what proof might have been adduced. Suffice it to say that during the trial prior to its settlement the proof against Exim was non-existent.

■ This Court's experience with the numerous counsel who have appeared before it is that Rule 11 is an unnecessary sanction. The vast majority of attorneys appearing before this Court give evidence every day of upholding the best traditions of the bar and of acting with due regard to the obligations under Rule 11 and professional courtesy to other attorneys. Accordingly, the Court is unwilling to impugn the good faith of any attorney for a party, absent a strong showing of willful disregard for Rule 11. Imposition of sanctions on a lesser showing will only encourage litigators to bring Rule 11 motions and engage in professional discourtesy, preventing prompt resolution of disputes, the trial court's primary function.

Defendant Exim's motion for sanctions is denied.

IT IS SO ORDERED.